[Civ. No. 7023.  First Appellate District, Division Two.—December 3, 1929.]

JOHN A. McCARL et al., Appellants, v. R. W. KROUPA et al., Respondents.

Kington & Cunningham for Appellants.

H. S. Craig and R. P. Wisecarver for Respondents.

STURTEVANT, J.—The plaintiffs sued the defendants for moneys received. The defendants filed separate demurrers to plaintiffs' amended complaint, the demurrers were sustained without leave to amend and judgment was entered in favor of the defendants. The plaintiffs appealed and have brought up the judgment-roll. The record does not show that the plaintiffs asked leave to amend and we may therefore assume that they did not ask leave.

In their amended complaint the plaintiffs allege that they are husband and wife; that the defendant Kroupa is a licensed real estate broker; that the National Surety Company is a corporation and is the bondsman of Kroupa; that on November 25, 1925, the plaintiffs, as owners, delivered to Kroupa a writing authorizing him to sell their lands; in that document the lands are described and Kroupa is authorized to sell the lands for $21,000. It is provided in the writing that the first payment will be not less than $1,000 and to be considered as a deposit on the sale. That the balance of the purchase price of $20,000 will be secured by a first deed of trust on the lands. There is a covenant that the purchaser will give a bond indemnifying the sellers against liens arising for improvements to be made. No time is fixed as to when the plaintiffs will execute their deed nor when that bond will be given. The buyers are to have thirty

days, after the agent notifies the sellers a sale has been made, within which they can examine the title. The writing provides that the broker is entitled to a commission of $1,000, which shall be paid out of the money received from the purchasers. The writing is signed by the sellers. There is appended to it a writing signed by Margaret Hubbert. That writing is as follows:

"The undersigned, designated as the purchaser, herein agrees to purchase the hereinabove described property under the terms and conditions hereinabove set forth, and has this date deposited with the agent $250.00 as a deposit and part payment of the purchase price of $21,000.00. Should the search of title to the hereinabove described property not prove valid, said deposit shall be returned to the purchaser and this contract become null and void. Should the purchaser not live up to the terms and conditions of this contract as hereinabove set forth, said purchaser shall forfeit said deposit and any and all rights given said purchaser under this contract.

"MARGARET HUBBERT."

The latter instrument is not signed by the sellers and there is no allegation that it was ratified by the sellers. Notwithstanding the recitals in said writings, the plaintiffs allege that Margaret Hubbert accepted said offer and paid the defendant Kroupa $1,000 as the first payment and deposit; that Margaret Hubbert did not perform and that she is not ready, able and willing to purchase; that the defendant Kroupa did not produce a purchaser and is not ready, able and willing to produce one; that on March 1, 1926, the plaintiffs demanded of the defendants that they pay the plaintiffs $1,000, but that the defendants have not paid it; that at all times the plaintiffs were ready, able and willing to perform the contract, but that they have been prevented by defendants from doing so. Bearing in mind that the action is between the sellers and their broker, it will be noticed at once that the complaint of the plaintiffs contains many irrelevant allegations. Assuming, as alleged in the pleading, that the broker found no purchaser, then he is not entitled to make any demand on the plaintiffs. But he is not doing so. The plaintiffs are making a demand on him. But he had made no contract, express or implied, to pay the

plaintiffs anything. Under the written authorization he was authorized to collect in cash $1,000—no more and no less. Of that sum he was authorized to retain the whole if he found a purchaser ready, able and willing to purchase. If he did not find that kind of a purchaser he was not authorized by the contract to receive anything. If, nevertheless, he did receive certain moneys and the receipt thereof was not ratified by the plaintiffs, then the plaintiffs were not interested parties and may not recover any part of such moneys.

The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.